IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| HAYWOOD G. ALEXANDER,<br><br>   Plaintiff,<br><br>  v.<br><br>PARKING REVENUE RECOVERY<br>SERVICES, INC.,<br><br>   Defendant. | Case No. |

# NOTICE OF REMOVAL

Defendant Parking Revenue Recovery Services, Inc. ("PRRS" or "Defendant") files this Notice of Removal in accordance with 28 U.S.C. §§ 1332, 1441, 1446, and hereby removes this action from the General Court of Justice, Superior Court Division, for Wake County, State Court of North Carolina (the "State Court") to the United States District Court for the Eastern District of North Carolina. This Notice is based on diversity jurisdiction under 28 U.S.C. § 1332(d) pursuant to the Class Action Fairness Act of 2005 ("CAFA").

## PLEADINGS, PROCESS, AND ORDERS

1. On November 14, 2025, Plaintiff Haywood G. Alexander ("Plaintiff") filed a lawsuit in the State Court, entitled *Haywood G. Alexander v. Parking Revenue Recovery Services, Inc.,* No. 25cv041382-910 (the "State Court Action"). The State Court Action is a putative class action.

2. Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of all process and state court pleadings served upon PRRS in the State Court Action are collectively attached as **Exhibit A**. This Exhibit includes:

- **Ex. A-1:** Docket as of December 23, 2025

- **Ex. A-2:** Class Action Complaint
- **Ex. A-3:** General Civil Action Cover Sheet
- **Ex. A-4:** Summons

PRRS has not filed a responsive pleading in the State Court Action and no other proceedings have transpired in the State Court Action.

3. Plaintiff's Class Action Complaint ("Complaint") asserts two causes of action alleging violations of (i) North Carolina's Unfair and Deceptive Trade Practices Act, N.C. Gen. Stat. § 75-1.1 *et seq.* ("NCUDTPA") and (ii) North Carolina's Debt Collection Practices Act, N.C. Gen. Stat. § 75-50 *et seq.* ("NCDCPA"), respectively.

4. On November 24, 2025, Plaintiff provided a copy of the Summons and Complaint on PRRS's registered agent via Certified Mail.

5. To the best of PRRS's knowledge, no further documents from the State Court Action have been filed by Plaintiff or anyone else. The attachments thereby satisfy the requirements of 28 U.S.C. § 1446(a).

## TIMELINESS OF REMOVAL

6. Pursuant to 28 U.S.C. § 1446(b), a notice of removal of a civil action must be filed "within thirty days after the receipt by the Defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief …" 28 U.S.C. § 1446(b); *see also Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-48 (1999) (noting 30-day removal period runs from service of summons and complaint).

7. Given that the Complaint and Summons were provided to PRRS's resident agent on November 24, 2025, this Notice of Removal is timely because it is being filed within thirty (30) days of the date of service.

## VENUE

8. Plaintiff filed his Complaint in Wake County, North Carolina. Venue properly lies in the United States District Court for the Eastern District of North Carolina pursuant to 28 U.S.C. §§ 113(a), 1391, 1441, and 1446.

9. This is the District Court of the United States for the district embracing the place where the State Court Action is pending and is therefore the appropriate court for removal pursuant to 28 U.S.C. § 1441(a). *See also* 28 U.S.C. § 113(a).

## JURISDICTIONAL REQUIREMENTS

10. The U.S. Supreme Court has confirmed that the notice of removal need only contain "a short and plain statement of the grounds for removal." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547 (2014) (quoting 28 U. S. C. §1446(a)). A defendant does not need to submit evidence to support a notice of removal. *Id.*

11. This Court has original jurisdiction over this action under CAFA. See 28 U.S.C. § 1332(d). CAFA grants district courts original jurisdiction over civil class actions filed under federal or state law in which any member of a class of plaintiffs is a citizen of a state different from any defendant and where the amount in controversy for the putative class members exceeds $5,000,000, exclusive of interests and costs. *Id.* CAFA authorizes removal of such actions pursuant to 28 U.S.C. § 1446. This case meets all of CAFA's requirements for removal, it is timely, and it is properly removed by the filing of this Notice.

### I. The State Court Action is a Class Action.

12. The State Court Action has been styled as a "Class Action Complaint" and repeatedly references the purported class. *See* Ex. A, Compl. Caption, Title, ¶¶ 1, 5-6, 39-40, 50-

63, 71.

13. The proposed class consists of "[a]ll persons who received a parking citation from Defendant similar to Exhibit A in the four years preceding the filing of the initial Complaint in this matter through the date that the Court certifies this case as a class action." (Compl. ¶ 51.)

## II. Minimum Diversity Exists.

14. Minimum diversity exists under CAFA when any plaintiff, or prospective class member, is diverse from any defendant. 28 U.S.C. § 1332(d)(2)(A). Citizenship of a natural person is established by domicile. 28 U.S.C. § 1332(a)(1) (an individual is a citizen of the state in which he or she is domiciled). Likewise, a corporation "shall be deemed a citizen of every State and foreign state by which it had been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1).

15. The Complaint sets forth the minimum diversity of the parties. The Complaint alleges that Plaintiff is a resident of North Carolina. (Compl. ¶ 13.) Defendant is a Colorado corporation with its headquarters located in Arapahoe County, Colorado. (Compl. ¶ 14.) Thus, for purposes of diversity jurisdiction, Defendant is a citizen of Colorado.

16. Accordingly, minimum diversity exists for purposes of 28 U.S.C. § 1332(d)(2)(A) for all Counts of the Complaint

## III. There Are at Least 100 Members in Plaintiff's Putative Class.

17. CAFA requires the existence of at least 100 members in Plaintiff's putative class. 28 U.S.C. § 1332(d)(5)(B). Plaintiff defines the Proposed Class as: "All persons who received a parking citation from Defendant similar to Exhibit A in the four years preceding the filing of the initial Complaint[.]" (Compl. ¶ 51.) Although the proposed class does not contain a geographic limitation, Plaintiff later alleges that the class of consumers is "geographically dispersed

throughout North Carolina." (Compl. ¶ 54.) Plaintiff alleges, on belief, that the class consists of "thousands of consumers." (Compl. ¶ 54.) Therefore, the Complaint sets forth the minimum class member requirement of above 100 members.

### IV. The Amount in Controversy Exceeds $5 Million.

18. CAFA authorizes the removal of a class action in which the amount in controversy for all potential class members exceeds $5 million, exclusive of interest and costs. See 28 U.S.C. § 1332(d)(2). That threshold is met here. *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014) ("[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold"). No presumption against removal to federal court exists where the removal is based on CAFA. *See id.*

19. Defendants deny Plaintiff's claims of wrongdoing, but the allegations in the Complaint, and the total amount of compensatory damages, punitive damages, attorneys' fees, injunctive relief and other monetary relief at issue in this action, on an aggregate, class-wide basis, would exceed this Court's jurisdictional minimum of $5 million.

20. Specifically, Plaintiff alleges that the Class consists of "thousands of consumers" and asserts damages of $4,000 for each violation. (Compl. ¶¶ 6, 49, 54, 104, Prayer for Relief ¶ 7.) Based on Plaintiff's allegations and a conservative estimate of just 2,000 members (among the "thousands" alleged by Plaintiff) multiplied by $4,000 per violation, the amount-in-controversy would be at $8,000,000, easily satisfying the $5,000,000 threshold.

21. Because the Complaint defines the putative class in the broad and inclusive manner noted above and because the Complaint seeks relief amounting to greater than $5 million, PRRS has demonstrated by a preponderance of the evidence that the amount in controversy for all potential class members, if the liability were to be established (and to be sure, PRRS denies

- 5 -

liability), would exceed $5 million.

22. In addition, Plaintiff seeks an award trebling all damages. (Compl., Prayer for Relief, ¶ 10). PRRS strongly denies Plaintiff's entitlement to trebled damages, but for purposes of this removal, this Court may factor in treble damages as part of the amount-in-controversy calculation. *See Respess v. Crop Prod. Servs. Inc.*, NO: 4:15-CV-00176-BR, 2016 WL 3821163, at *2-3 (E.D.N.C. Jul. 13, 2016) (factoring in plaintiff's request for treble damages in determining whether amount-in-controversy was met for purposes of removal).

23. Finally, Plaintiff seeks punitive damages. (Compl. Prayer for Relief, ¶ 6). PRRS strongly denies Plaintiff's entitlement to trebled damages, but for purposes of this removal, punitive damages may be aggregated with any claims for actual damages, and, together, those claims satisfy the amount in controversy requirement of the diversity jurisdiction statute. *See Bell v. Preferred Life Assur. Soc'y of Montgomery Alabama, et al.*, 320 U.S. 238, 240, 88 L. Ed. 15, 64 S. Ct. 5 (1943) ("where both actual and punitive damages are recoverable under a complaint each must be considered to the extent claimed in determining jurisdictional amount"); *Saval v. BL Ltd.*, 710 F.2d 1027, 1033 (4th Cir. 1983) (punitive damages may also be included in the determination of damages to satisfy the jurisdictional requirement).

24. Thus, when combining Plaintiff's claims for compensatory damages, punitive damages, and trebled damages, the amount in controversy in this case—if the liability were to be established—would well exceed $5,000,000.00, exclusive of interests and costs. Accordingly, this Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332 and this case is removable under 28 U.S.C. § 1441.

### NOTICE TO STATE COURT AND ADVERSE PARTY

25. Pursuant to 28 U.S.C. § 1446(d), a "Notice to State Court of Filing Notice of

Removal" and a copy of this Notice of Removal are being contemporaneously filed with the State Court and served on Plaintiff's counsel of record. Attached as **Exhibit B** is a true and exact copy of the "Notice to State Court of Filing Notice of Removal" (without exhibits).

## RESERVATION OF RIGHTS

26. In the event this Court should be inclined to remand this action, PRRS requests that the Court issue an order to show cause why the case should not be remanded, giving the parties an opportunity to present proper briefing and argument prior to any possible remand. Because a remand order is not subject to appellate review, such a procedure is appropriate.

27. Nothing in this Notice of Removal is intended to waive any defense, nor does it waive any defense.

## CONCLUSION

WHEREFORE, please take notice that Defendant Parking Revenue Recovery Services, Inc. hereby removes the above-entitled action from the General Court of Justice, Superior Court Division of Wake County, North Carolina to the United States District Court for the Eastern District of North Carolina.

Respectfully submitted, December 24, 2025

*/s/ Joseph S. Dowdy*
**Joseph S. Dowdy, Bar #31941**
**Foley & Lardner LLP**
5000 Centregreen Way
Suite 500
Cary, NC 27513
Phone: 984-375-3050
Fax: 984-375-3040
Email: joe.dowdy@foley.com

**Michael D. Leffel (*pro hac vice* forthcoming)**
**Foley & Lardner LLP**
150 E Gilman St Suite 5000,
Madison, WI 53703
Phone: 608-258-4258
Fax: 608-257-5035
Email: mleffel@foley.com

**Kelsey Boehm (*pro hac vice* forthcoming)**
**Foley & Lardner LLP**
1144 15th Street, Suite 2200
Denver, CO 80202
Phone: 720-437-2013
Fax: 720-437-2200
Email: kboehm@foley.com

**ATTORNEYS FOR DEFENDANT PARKING REVENUE RECOVERY SERVICES, INC.**

- 8 -